Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:17-bk-10378-VK |
| KANDY KISS OF CALIFORNIA, INC., | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING STIPULATION BETWEEN HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE, AND PETITIONING CREDITORS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF** |
| | DATE:    June 11, 2020<br>TIME:    2:00 p.m.<br>PLACE:    Courtroom "301" |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

DAL 2700733v1

1  **TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE,**

3  **CREDITORS, AND INTERESTED PARTIES:**

4  <u>**MOTION**</u>

5      Through his "Chapter 7 Trustee's Motion for Order Authorizing and

6  Approving Stipulation Between Howard M. Ehrenberg, Chapter 7 Trustee, and Petitioning

7  Creditors for Allowance of Administrative Expense Claim Pursuant to Rule 9019 of the

8  Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities;

9  Declaration of Howard M. Ehrenberg in Support Thereof" (the "Motion"), Howard M.

10  Ehrenberg (the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for

11  the estate of the debtor Kandy Kiss of California, Inc. (the "Debtor") hereby seeks, among

12  other things, an order authorizing and approving that certain "Stipulation Between

13  Howard M. Ehrenberg, Chapter 7 Trustee, and Petitioning Creditors for Allowance of

14  Administrative Expense Claim" (the "Stipulation") by and between the Trustee, on the one

15  hand, and petitioning creditors Apex Logistics International LAX Inc., High Hope Trading

16  (HK) Limited, IDFIX, Inc., Kucuhead, Shol Inc., Texking Trading Ltd., and Tu Pacific, LLC

17  (collectively, the "Petitioning Creditors"), on the other hand, pursuant to which the parties

18  have agreed to compromise Petitioning Creditors' administrative expense claim, and

19  authorizing the allowance of the compromised administrative claim.  The Trustee seeks

20  approval of the Stipulation in accordance with Rule 9019 of the Federal Rules of

21  Bankruptcy Procedure.  A true and correct copy of the Stipulation is attached hereto as

22  Exhibit "A" and incorporated herein by reference.

23      This Motion is made and based upon the moving papers, the attached

24  Memorandum of Points and Authorities and the supporting Declaration of Howard M.

25  Ehrenberg, the pleadings filed in the Debtor's case, all judicially noticeable facts, the

26  arguments and representations of counsel, and any oral or documentary evidence

27  presented at the time of the hearing.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1    **WHEREFORE** the Trustee respectfully requests that the Court enter an

2    order:

3        (1)    granting this Motion;

4        (2)    authorizing and approving the Stipulation pursuant to Rule 9019(a) of

5    the Federal Rules of Bankruptcy Procedure; and

6        (3)    granting such other and further relief as this Court deems just and

7    proper under the circumstances.

8    DATED: May 13, 2020                **Sulmeyer**Kupetz
                                        A Professional Corporation

9

10

11                                      By: /s/ *Daniel A. Lev*
                                            _____
                                            Daniel A. Lev
12                                          Attorneys for Howard M. Ehrenberg, Chapter 7
                                            Trustee
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

DAL 2700733v1                              -3-

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PREFATORY STATEMENT

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is 11 U.S.C. §§ 105(a) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

## II.

## SUMMARY OF REQUESTED RELIEF

As a result of the successful administration of the Debtor's estate, Petitioning Creditors contend that they are entitled to an administrative expense claim, pursuant to 11 U.S.C. § 503(b)(4), in the total amount of $109,914.53 (the "Lesnick Prince Claim"), comprised of $109,233 in attorneys' fees rendered, and $681.53 in expenses incurred, by Lesnick Prince & Pappas LLP ("Lesnick Prince") on Petitioning Creditors' behalf.  Petitioning Creditors contend that the services rendered and costs incurred by Lesnick Prince benefitted the bankruptcy estate, and the requested reimbursement of attorneys' fees and expenses constitutes reasonable compensation for professional services rendered by an attorney for an entity whose expense is allowable under subparagraph (A) and/or (B) of 11 U.S.C. § 503(b)(3), based on the time, nature, extent, and value of such services, and reimbursement for actual, necessary expenses incurred.

After investigating and analyzing the requested claim, the Trustee determined that there were grounds to litigate its allowance since, among other things, the Trustee did not believe that certain of the services rendered benefitted the bankruptcy estate pursuant to 11 U.S.C. § 503(b)(4).  However, rather than litigate the entitlement and amount of the administrative claim, the Trustee and Petitioning Creditors engaged in constructive negotiations in an effort to resolve the Trustee's concerns with respect to the

1  claim.  As a result of these discussions, the Trustee and Petitioning Creditors now have

2  entered into a formal stipulation according to which Petitioning Creditors shall be entitled

3  to an administrative expense claim, pursuant to 11 U.S.C. § 503(b)(4), in the total amount

4  of $84,135.53, comprised of $83,472 in attorneys' fees rendered, and $681.53 in

5  expenses incurred, by Lesnick Prince in full and final satisfaction of the Lesnick Prince

6  Claim.

7        The Trustee now seeks approval of the compromise embodied in the

8  stipulation, as it is his belief that the settlement satisfies each of the prerequisites

9  adopted by the Ninth Circuit.

10  **III.**

11  **RELEVANT BACKGROUND**

12        On February 14, 2017, petitioning creditors Apex Logistics International

13  LAX Inc., High Hope Trading (HK) Limited, IDFIX, Inc., Kucuhead, Shol Inc., Texking

14  Trading Ltd., and Tu Pacific, LLC (collectively, the "Petitioning Creditors"), filed an

15  involuntary petition for relief against Kandy Kiss of California, Inc. (the "Debtor") under

16  chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing this

17  case (the "Case") in the United States Bankruptcy Court for the Central District of

18  California, San Fernando Valley Division (the "Bankruptcy Court").  On March 14, 2017,

19  creditor RM Global Textile Inc. filed a joinder to the involuntary as an additional

20  petitioning creditor [Docket No. 20].  As a result, on February 15, 2017, the clerk of the

21  court issued an involuntary summons [Docket No. 3].

22        On March 8, 2017, Province, Inc. ("Province"), the pre-petition assignee for

23  the benefit of creditors of the Debtor, filed a motion to dismiss the Case (the "Motion to

24  Dismiss") [Docket No. 16].  On April 7, 2017, the Petitioning Creditors filed an opposition

25  to the Motion to Dismiss [Docket No. 30].  On May 8, 2017, the Court entered an order

26  denying, in part, the Motion to Dismiss [Docket No. 46].  On May 31, 2017, the Court

27  entered a scheduling order regarding the remaining issues in the Motion to Dismiss

28  [Docket No. 51].  On September 13, 2017, the Debtor and Province filed their consent to

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1    entry of an order for relief in this Case [Docket No. 61].  On September 19, 2017, the

2    Court entered its "Order for Relief" (the "Order for Relief") [Docket No. 62].

3    On September 21, 2017, the Office of the United States Trustee (the

4    "OUST") appointed David K. Gottlieb (the "Predecessor Trustee") as the interim chapter 7

5    trustee in the Case in accordance with 11 U.S.C. § 701(a) [Docket No. 68].  On October

6    4, 2017, the Predecessor Trustee filed a "Supplemental Statement of Disinterestedness"

7    (the "Supplement") pursuant to which the Predecessor Trustee disclosed that he

8    subleased certain office space from Province, the aforementioned assignee.

9    On October 6, 2017, at the initial Section 341(a) creditor's meeting, the

10   Petitioning Creditors unanimously elected Howard M. Ehrenberg (the "Trustee") as the

11   trustee in accordance with 11 U.S.C. § 702.  Accordingly, on October 12, 2017, the

12   OUST filed its "Report of Disputed Election of Trustee" (the "OUST Report").  Pursuant to

13   Rule 2003(d)(2) of the Federal Rules of Bankruptcy Procedure, a motion for the

14   resolution of the dispute was required to be filed no later than fourteen days following the

15   date of the OUST Report.  On October 26, 2017, the Petitioning Creditors timely caused

16   to be filed their "Notice of Motion and Motion of Voting Creditors to (1) Certify Election of

17   Howard M. Ehrenberg as Chapter 7 Trustee, or (2) Remove David K. Gottlieb From

18   Acting As Chapter 7 Trustee" (the "Resolution Motion") [Docket No. 87].  The Resolution

19   Motion sought to certify the Trustee as the permanent trustee based upon the results of

20   the election held on October 12, 2017.  Rather than contest the Resolution Motion,

21   thereby causing further delay to creditor recovery, the Predecessor Trustee elected to

22   withdraw without conceding any of the allegations of the Resolution Motion.  As such, on

23   November 3, 2017, the Predecessor Trustee filed his "Notice of Withdrawal of

24   Appointment of Trustee" [Docket No. 90].

25   As a result, on November 6, 2017, the OUST filed its "Status Report of

26   United States Trustee on Report of Disputed Election" (the "Status Report") [Docket No.

27   92].  In the Status Report, the OUST indicated that, in light of the Predecessor Trustee's

28   withdrawal, the OUST would proceed with the appointment of the Trustee as the

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

permanent trustee.  On the same day - November 6, 2017 - notice of the Trustee's

appointment and qualification under 11 U.S.C. § 322 was filed by the OUST [Docket No.

93].

After his appointment, the Trustee successfully administered this estate,

bringing significant value to creditors by settling significant litigation and other claims of

the estate.  As a result, the Trustee will be able to pay a dividend to unsecured creditors,

which might not have occurred but for the involuntary petition and the entry of the order

for relief.  Consequently, Petitioning Creditors asserted that they were entitled to an

administrative expense claim to reimburse them for the fees rendered and costs incurred

by its counsel of record, Lesnick Prince.  As noted, the Trustee reviewed the Lesnick

Prince Claim and the underlying invoices in an effort to determine whether the services

performed and costs incurred were reasonable and benefitted the estate.

In sum, in order to avoid the uncertainties and expense of litigating the

allowance and amount of the claim, the Trustee and Petitioning Creditors have agreed to

the allowance of an administrative claim in the total amount of $84,135.53, which is less

than the requested claim amount of $109,914.53.  See declaration of Howard M.

Ehrenberg, attached hereto.  The proposed settlement eliminates the need for any

litigation regarding the claim, and, as such, the Trustee believes the stipulation should be

approved by the Court.[1]

**IV.**

**THE COURT SHOULD APPROVE THE STIPULATION UNDER RULE 9019 OF THE**

**FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in

relevant part:

---

[1] The foregoing is merely a summary of the salient terms of the "Stipulation Between Howard M.
Ehrenberg, Chapter 7 Trustee, and Petitioning Creditors for Allowance of Administrative Expense Claim"
(the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated
herein by reference.  Interested parties are encouraged to read the Stipulation in its entirety.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1     (a)  On motion by the trustee and after notice and a

2     hearing, the court may approve a compromise or settlement.

3     Notice shall be given to creditors, the United States trustee,

4     the debtor, and indenture trustees as provided in Rule 2002

5     and to any other entity as the court may direct.

6 Fed. R. Bankr. P. 9019(a).

7     The Ninth Circuit has long recognized that "[t]he bankruptcy court has great

8 latitude in approving compromise agreements". <u>In re Woodson</u>, 839 F.2d 610, 620 (9th

9 Cir. 1988). "The purpose of a compromise agreement is to allow the [chapter 7 trustee]

10 and the creditors to avoid the expenses and burdens associated with litigating sharply

11 contested and dubious claims". <u>In re A&C Properties, Inc.</u>, 784 F.2d 1377, 1380-81 (9th

12 Cir. 1986). Accordingly, in approving a settlement agreement, the court need not conduct

13 an exhaustive investigation of the claims sought to be compromised. See <u>In re Walsh</u>

14 <u>Constr., Inc.</u>, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court

15 find that the settlement was negotiated in good faith and is reasonable, fair, and

16 equitable. See <u>A&C Properties</u>, 784 F.2d at 1381; see also <u>In re Am. Bldg. Storage</u>, 285

17 Fed. Appx. 375 (9th Cir. 2008).

18     Consideration of a settlement does not require the court to determine

19 whether a settlement presented is the best one that could possibly have been achieved.

20 Instead, the court need only canvass the issues to determine whether the settlement falls

21 "*below the lowest point in the zone of reasonableness*". <u>Newman v. Stein</u>, 464 F.2d 689,

22 698 (2d Cir. 1972) (emphasis added); see also <u>In re Teltronics Services, Inc.</u>, 762 F.2d

23 185, 189 (2d Cir. 1985); <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983), <u>cert.</u>

24 <u>denied</u>, 464 U.S. 822, 104 S. Ct. 88, 78 L. Ed. 2d 96 (1985). Finally, although the court

25 should give deference to the reasonable views of creditors, "objections do not rule. It is

26 well established that compromises are favored in bankruptcy". <u>In re Lee Way Holding</u>

27 <u>Co.</u>, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Traditionally, in evaluating whether to approve a compromise, courts in the

2   Ninth Circuit must consider the following:

3   (a)   The probability of success in litigation;

4   (b)   the difficulties, if any, to be encountered in the matter of collection;

5   (c)   the complexity of the litigation involved and the expense,

6   inconvenience and delay necessarily attending it; and

7   (d)   the paramount interest of the creditors and a proper deference to

8   their reasonable views.

9   A&C Properties, 784 F.2d at 1381.

10   In considering these factors, courts are guided by two principles.  First, as

11   noted earlier, "the law favors compromise".  In re Blair, 538 F.2d 849, 851 (9th Cir. 1976).

12   Compromises are favored in bankruptcy, and have become "a normal part of the process

13   of reorganization".  Protective Committee for Independent Stockholders of TMT Trailer

14   Ferry Inc. v. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968) (quoting

15   Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130, 60 S. Ct. 1, 84 L. Ed. 110

16   (1939)).  Second, as highlighted earlier, a compromise should be approved unless it

17   "fall[s] below the lowest point in the range of reasonableness".  W.T. Grant, 699 F.2d at

18   608.  As the court in W.T. Grant aptly commented:

19   [The] responsibility of the bankruptcy judge, and ours upon

20   review, is not to decide the numerous questions of law and

21   fact raised by the appellants but rather to canvass the issues

22   and see whether the settlement 'fall[s]' below the lowest

23   point in the range of reasonableness. . .

24   Id., at 608.

25   Under express provisions of the Bankruptcy Code, a trustee is vested with

26   the standing and authority to seek compromises of legal and factual disputes.  As such,

27   settlements which have been negotiated by a trustee are entitled to deference.  See In re

28   Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) (objecting creditors may not substitute

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1    their judgment for that of the trustee).  Moreover, when considering these factors, the

2    court need only canvass the issues, "a mini trial on the merits is not required".  Burton v.

3    Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

4        Here, despite the fact that each of the four A&C Properties factors are not

5    necessarily implicated by the compromise with Petitioning Creditors, the Trustee believes

6    that the terms of the proposed Stipulation are fair, reasonable, and in the best interests of

7    the Debtor's creditors and estate for several reasons.

8        To reiterate, Petitioning Creditors asserted an administrative claim,

9    pursuant to 11 U.S.C. § 503(b)(4), in the total amount of $109,914.53, comprised of

10   $109,233 in attorneys' fees rendered, and $681.53 in expenses incurred, by Lesnick

11   Prince that allegedly benefitted the bankruptcy estate.  Petitioning Creditors further

12   argued that the requested reimbursement of attorneys' fees and expenses constituted

13   reasonable compensation for professional services rendered by an attorney for an entity

14   whose expense is allowable under subparagraph (A) and/or (B) of 11 U.S.C. § 503(b)(3),

15   based on the time, the nature, the extent, and the value of such services, and the cost of

16   comparable services other than in a case under title 11, and reimbursement for actual,

17   necessary expenses incurred by such attorney.

18       In reviewing the Lesnick Prince Claim and the supporting invoices, the

19   Trustee was cognizant of the general rule that a party can seek an award of fees under

20   11 U.S.C. § 503(b) for services providing a benefit to the estate.  See The Law Offices of

21   Neil Vincent Wake v. Sedona Inst. (In re Sedona Inst.), 220 B.R. 74, 81 (B.A.P. 9th Cir.

22   1998) ("[W]here a creditor makes a substantial contribution in a case, reasonable

23   professional fees and costs may be awarded under § 503(b)(4) regardless of whether the

24   creditor has an independent allowable expense under § 503(b)(3).")

25       Notwithstanding the peculiarities here, there is no question that the Court

26   would be required to consider the reasonableness of Petitioning Creditors' requested

27   fees and costs, given the effect of administrative expense treatment.  See In re Dant &

28   Russell, Inc., 853 F.2d 700, 706 (9th Cir. 1988) ("'[A]ctual' and 'necessary' are construed

1   narrowly so as "to keep fees and administrative costs at a minimum.'"").  In doing so, the

2   bankruptcy court has "wide discretion in determining the reasonableness of fees . . .".

3   The Margulies Law Firm v. Placide (In re Placide), 459 B.R. 64, 73 (B.A.P. 9th Cir. 2011).

4          Here, the Trustee concedes that as counsel for Petitioning Creditors,

5   Lesnick Prince did, in fact, perform services which provided a substantial and valuable

6   benefit to the estate since the services culminated in the entry of the order for relief and

7   facilitated the Trustee's successful administration of the estate for the benefit of creditors.

8   The only dispute was valuing the amount of the potential claim.  Thus, absent the

9   Stipulation, the Court would be required to engage in a lengthy fact intensive examination

10  to determine the reasonableness of the requested fees and costs.

11         In this regard, generally there are three methods to determine the

12  reasonableness of fees:  (i) the plain language of Section 503(b)(1)(A), which allows fees

13  that are "actual" and "necessary" to preserving the estate; (ii) the twelve "lodestar" factors

14  set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975); and (iii) the

15  "common fund" doctrine as generally described in Vincent v. Hughes Air West, Inc., 557

16  F.2d 759 (9th Cir. 1977).  Regardless of which method the Court decided to follow if an

17  objection was filed, it would be required to determine the reasonableness of the

18  requested fees and expenses.

19         The lodestar method is the customary method for assessing fees in

20  bankruptcy, under which the number of hours reasonably expended is multiplied by a

21  reasonable hourly rate for the person providing the services.  Law Offices of David A.

22  Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 598 (9th Cir. 2006).  The lodestar

23  method, however, is not mandatory in all bankruptcy cases.  In applying the lodestar, a

24  court must consider some or all of twelve relevant criteria set forth in Kerr.  See also

25  Brown v. Baden (In re Yagman), 796 F.2d 1165, 1184 (9th Cir. 1986) ("There is no need

26  to rigidly apply the factors set forth in Kerr . . . but the court must make some evaluation

27  of the fee breakdown submitted by counsel."), opinion amended on denial of reh'g sub

28  nom., In re Yagman, 803 F.2d 1085 (9th Cir. 1986).  In any event, the lodestar method

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | subsumes many of the <u>Kerr</u> factors.  See <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196,

2 | 1204 n.3 & 1209 n.11 (9th Cir. 2013).

3 |      Given the potential disputes between the parties, the analysis of whether

4 | each itemized time entry provided an actual and necessary benefit to the estate could be

5 | a fact and time intensive process, requiring numerous hearings to arrive at a reasonable

6 | number, which could then be subject to appeals.  The Stipulation avoids this lingering

7 | dispute and recognizes the value of services performed on Petitioning Creditors' behalf

8 | which provided a benefit to the estate.

9 |      The accommodation with Petitioning Creditors prevents any further

10 | expenditure of time and legal fees in litigating the Lesnick Prince Claim, will result in an

11 | increase in dividends to other similarly situated creditors, and does not fall below the

12 | lowest point in the range of reasonableness.  As such, the Trustee believes that the

13 | Stipulation is reasonable and should be approved by the Court.

**V.**

**CONCLUSION**

16 |      Based on the foregoing, the Trustee respectfully requests that the Court

17 | grant the Motion in its entirety, approve the Stipulation, and for such other and further

18 | relief as the Court deems appropriate under the circumstances.

19 | DATED: May 13, 2020       **Sulmeyer**Kupetz
A Professional Corporation

22 | By: /s/ *Daniel A. Lev*
     Daniel A. Lev

23 |      Attorneys for Howard M. Ehrenberg, Chapter 7
     Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## **DECLARATION OF HOWARD M. EHRENBERG**

I, Howard M. Ehrenberg, declare:

1.    I am an attorney at law duly admitted to practice before this Court and am the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Kandy Kiss of California, Inc. (the "Debtor").  Each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2.    Through my "Chapter 7 Trustee's Motion for Order Authorizing and Approving Stipulation Between Howard M. Ehrenberg, Chapter 7 Trustee, and Petitioning Creditors for Allowance of Administrative Expense Claim Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Howard M. Ehrenberg in Support Thereof" (the "Motion"), I seek, among other things, an order authorizing and approving that certain "Stipulation Between Howard M. Ehrenberg, Chapter 7 Trustee, and Petitioning Creditors for Allowance of Administrative Expense Claim" (the "Stipulation") by and between me, in my capacity as trustee, on the one hand, and petitioning creditors Apex Logistics International LAX Inc., High Hope Trading (HK) Limited, IDFIX, Inc., Kucuhead, Shol Inc., Texking Trading Ltd., and Tu Pacific, LLC (collectively, the "Petitioning Creditors"), on the other hand, pursuant to which the parties have agreed to compromise Petitioning Creditors' administrative expense claim, and authorizing the allowance of the compromised administrative claim. A true and correct copy of the Stipulation is attached hereto as Exhibit "A" and incorporated herein by reference.

3.    After my successful administration of the estate, I learned that Petitioning Creditors were asserting an administrative claim, pursuant to 11 U.S.C. § 503(b)(4), in the total amount of $109,914.53, comprised of $109,233 in attorneys' fees rendered, and $681.53 in expenses incurred, by Lesnick Prince on Petitioning Creditors' behalf that allegedly benefitted the bankruptcy estate.  I further learned that Petitioning Creditors were asserting that the requested reimbursement of attorneys' fees and

1  expenses constituted reasonable compensation for professional services rendered by an

2  attorney for an entity whose expense is allowable under subparagraph (A) and/or (B) of

3  11 U.S.C. § 503(b)(3), based on the time, nature, extent, and value of such services, and

4  the cost of comparable services other than in a case under title 11, and reimbursement

5  for actual, necessary expenses incurred by such attorney.

6         4.     Rather than expend limited estate resources litigating the Lesnick

7  Prince Claim, Petitioning Creditors and I engaged in good faith and constructive

8  negotiations to resolve my disputes with respect to the requested administrative expense

9  claim.  In sum, in order to avoid the uncertainties and expense of litigating the allowance

10  and amount of the claim, Petitioning Creditors and I have agreed to the allowance of an

11  administrative claim in the amount of $84,135.53, which is less than the requested claim

12  amount of $109,914.53.  The Stipulation eliminates the need for any litigation regarding

13  the Lesnick Prince Claim, and, as such, I believe the Stipulation should be approved by

14  the Court.

15         5.     In short, the accommodation with Petitioning Creditors prevents any

16  further expenditure of time and legal fees in litigating the Lesnick Prince Claim, will result

17  in an increase in dividends to other similarly situated creditors, and does not fall below

18  the lowest point in the range of reasonableness.  Therefore, in my opinion, based on my

19  examination and understanding of the documents and issues presented to me since my

20  appointment, and based on my sound business judgment, the Stipulation is in the best

21  interests of the estate and does not fall below the lowest point in the range of

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

1   reasonableness.  I therefore urge the Court to approve the Stipulation and grant the

2   Motion.

3            I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5            Executed this 12th day of May, 2020, at Los Angeles, California.

6

7                                        _____

8                                        Howard M. Ehrenberg, Chapter 7 Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

DAL 2700733v1

# EXHIBIT A

1   Daniel A. Lev (CA Bar No. 129622)
       dlev@sulmeyerlaw.com
2   **Sulmeyer**Kupetz
    A Professional Corporation
3   333 South Grand Avenue, Suite 3400
    Los Angeles, California  90071-1406
4   Telephone: 213.626.2311
    Facsimile: 213.629.4520
5
    Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee
6

7
               **UNITED STATES BANKRUPTCY COURT**
8
    **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**
9

10
    In re                             Case No. 1:17-bk-10378-VK
11
    KANDY KISS OF CALIFORNIA, INC.,   Chapter 7
12
                                      **STIPULATION BETWEEN HOWARD M.**
13            Debtor.                 **EHRENBERG, CHAPTER 7 TRUSTEE,**
                                      **AND PETITIONING CREDITORS FOR**
14                                    **ALLOWANCE OF ADMINISTRATIVE**
                                      **EXPENSE CLAIM**
15
                                      DATE:
16                                    TIME:     [Hearing To Be Set]
                                      PLACE:
17

18          **WHEREAS,** on February 14, 2017, petitioning creditors Apex Logistics

19   International LAX Inc., High Hope Trading (HK) Limited, IDFIX, Inc., Kucuhead, Shol Inc.,

20   Texking Trading Ltd., and Tu Pacific, LLC (collectively, the "Petitioning Creditors"), filed

21   an involuntary petition for relief against Kandy Kiss of California, Inc. (the "Debtor") under

22   chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing this

23   case (the "Case") in the United States Bankruptcy Court for the Central District of

24   California, San Fernando Valley Division (the "Bankruptcy Court").

25          **WHEREAS,** on March 14, 2017, creditor RM Global Textile Inc. filed a

26   joinder to the involuntary as an additional petitioning creditor [Docket No. 20].

27          **WHEREAS,** Lesnick Prince & Pappas LLP ("Lesnick Prince") was, and

28   continues to be, attorneys of record for the Petitioning Creditors.

DAL 2697641v1

017

1    **WHEREAS,** on February 15, 2017, the clerk of the court issued an

2  involuntary summons [Docket No. 3].

3    **WHEREAS,** on March 8, 2017, Province, Inc. ("Province"), assignee for the

4  benefit of creditors of the Debtor, filed a motion to dismiss the Case (the "Motion to

5  Dismiss") [Docket No. 16].  On April 7, 2017, the Petitioning Creditors filed an opposition

6  to the Motion to Dismiss [Docket No. 30].  On May 8, 2017, the Court entered an order

7  denying, in part, the Motion to Dismiss [Docket No. 46].  On May 31, 2017, the Court

8  entered a scheduling order regarding the remaining issues in the Motion to Dismiss

9  [Docket No. 51].  On September 13, 2017, the Debtor and Province filed their consent to

10  entry of an order for relief in this Case [Docket No. 61].  On September 19, 2017, the

11  Court entered its "Order for Relief" (the "Order for Relief") [Docket No. 62].

12    **WHEREAS,** on September 21, 2017, the Office of the United States

13  Trustee (the "OUST") appointed David K. Gottlieb (the "Predecessor Trustee") as the

14  interim chapter 7 trustee in the Case in accordance with 11 U.S.C. § 701(a) [Docket No.

15  68].  On October 4, 2017, the Predecessor Trustee filed a "Supplemental Statement of

16  Disinterestedness" (the "Supplement") pursuant to which the Predecessor Trustee

17  disclosed that he subleased certain office space from Province, the aforementioned

18  assignee.

19    **WHEREAS,** on October 6, 2017, at the initial Section 341(a) creditor's

20  meeting, the Petitioning Creditors unanimously elected Howard M. Ehrenberg (the

21  "Trustee") as the trustee in accordance with 11 U.S.C. § 702.  Accordingly, on October

22  12, 2017, the OUST filed its "Report of Disputed Election of Trustee" (the "OUST

23  Report").  Pursuant to Rule 2003(d)(2) of the Federal Rules of Bankruptcy Procedure, a

24  motion for the resolution of the dispute was required to be filed no later than fourteen

25  days following the date of the OUST Report.  On October 26, 2017, the Petitioning

26  Creditors timely caused to be filed their "Notice of Motion and Motion of Voting Creditors

27  to (1) Certify Election of Howard M. Ehrenberg as Chapter 7 Trustee, or (2) Remove

28  David K. Gottlieb From Acting As Chapter 7 Trustee" (the "Resolution Motion") [Docket

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

018

1    No. 87].  The Resolution Motion sought to certify the Trustee as the permanent trustee

2    based upon the results of the election held on October 12, 2017.  Rather than contest the

3    Resolution Motion, thereby causing further delay to creditor recovery, the Predecessor

4    Trustee elected to withdraw without conceding any of the allegations of the Election

5    Motion.  As such, on November 3, 2017, the Predecessor Trustee filed his "Notice of

6    Withdrawal of Appointment of Trustee" [Docket No. 90].

7            WHEREAS, as a result, on November 6, 2017, the OUST filed its "Status

8    Report of United States Trustee on Report of Disputed Election" (the "Status Report")

9    [Docket No. 92].  In the Status Report, the OUST indicated that, in light of the

10   Predecessor Trustee's withdrawal, the OUST would proceed with the appointment of the

11   Trustee as the permanent trustee.  On the same day - November 6, 2017 - notice of the

12   Trustee's appointment and qualification under 11 U.S.C. § 322 was filed by the OUST

13   [Docket No. 93].

14           WHEREAS, pursuant to 11 U.S.C. § 503(b)(4), the Petitioning Creditors

15   contend that they are entitled to an administrative expense claim in the total amount of

16   $109,914.53, comprised of $109,233 in attorneys' fees rendered, and $681.53 in

17   expenses incurred, on behalf of the Petitioning Creditors for work that benefitted the

18   bankruptcy estate (the "Lesnick Prince Claim").

19           WHEREAS, the Petitioning Creditors contend that the requested

20   reimbursement of attorneys' fees and expenses constitutes reasonable compensation for

21   professional services rendered by an attorney for an entity whose expense is allowable

22   under subparagraph (A) and/or (B) of 11 U.S.C. § 503(b)(3), based on the time, the

23   nature, the extent, and the value of such services, and the cost of comparable services

24   other than in a case under title 11, and reimbursement for actual, necessary expenses

25   incurred by such attorney.

26           WHEREAS, the Trustee investigated the Lesnick Prince Claim and disputes

27   the requested amount of the Lesnick Prince Claim since, among other grounds, certain of

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

019

1  the services rendered did not benefit the bankruptcy estate pursuant to 11 U.S.C. §

2  503(b)(4).

3  **WHEREAS**, the Trustee and the Petitioning Creditors have engaged in

4  good faith and constructive negotiations to resolve the Trustee's disputes with respect to

5  the Lesnick Prince Claim.

6  **WHEREAS**, the Trustee believes that, absent the resolution of the disputes

7  concerning the Lesnick Prince Claim, the parties will be required to litigate the Lesnick

8  Prince Claim and said objection will involve a number of contested factual and legal

9  issues and will result in costly and protracted litigation to the detriment of the Debtor's

10 estate.

11 **WHEREAS**, in order to avoid the uncertainties and expense of litigation, the

12 Trustee and the Petitioning Creditors stipulate and agree that the Petitioning Creditors

13 shall be entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(4) in

14 the total amount of $84,135.53, comprised of $83,472 in attorneys' fees rendered, and

15 $681.53 in expenses incurred.

16 **NOW, THEREFORE**, and in light of the foregoing, the parties stipulate and

17 agree as follows:

18 1.    The foregoing recitals are acknowledged by the parties to be true

19 and correct and are incorporated into this Stipulation.

20 2.    Upon entry of an order approving this Stipulation, the Petitioning

21 Creditors shall be entitled to an administrative expense claim pursuant to 11 U.S.C. §

22 503(b)(4) in the total amount of $84,135.53, comprised of $83,472 in attorneys' fees

23 rendered, and $681.53 in expenses incurred, in full and final satisfaction of the Lesnick

24 Prince Claim.  Any distribution on account of the Lesnick Prince Claim shall be made

25 payable to "Lesnick Prince & Pappas LLP" and delivered to:

26      Matthew A. Lesnick, Esq.
        Lesnick Prince & Pappas LLP
27      315 W. Ninth Street, Suite 705
        Los Angeles, CA 90015

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

020

1          3.       This Stipulation shall be binding and effective on the parties upon

2    entry of an order of the Bankruptcy Court approving the Stipulation.

3          4.       The Bankruptcy Court presiding over the Debtor's Case shall have

4    exclusive jurisdiction to adjudicate any disputes with respect to this Stipulation.

5    DATED: May 12, 2020          **SULMEYERKUPETZ**
                                  A Professional Corporation
6

7

8                                By: _____
9                                    Daniel A. Lev
                                     Attorneys for Howard M. Ehrenberg, Chapter 7
10   .                               Trustee

11   DATED: May 12, 2020          **LESNICK PRINCE & PAPPAS LLP**

12

13

14                               By: _____
15                                   Matthew A. Lesnick
                                     Attorneys for Petitioning Creditors

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): <u>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING STIPULATION BETWEEN HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE, AND PETITIONING CREDITORS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 14, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jessica L Bagdanov on behalf of Debtor Kandy Kiss of California, Inc.
jbagdanov@bg.law, ecf@bg.law

Bernard D Bollinger, Jr on behalf of Cross Defendant Secret Charm, LLC, Adir Haroni, Cathy King, Lauri Hamer and Melissa Krupa
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Peter M Bransten on behalf of Other Professional Courtesy NEF
pbransten@glaserweil.com, dsanchez@glaserweil.com

Peter M Bransten on behalf of Petitioning Creditor Mauricio Betancur
pbransten@glaserweil.com, dsanchez@glaserweil.com

Lynn Brown on behalf of Creditor American Express Travel Related Services Company, Inc.
notices@becket-lee.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Alan J Cohen on behalf of Creditor Mark Raskin
acohen@cohenlawla.com

Cynthia M Cohen on behalf of Other Professional Courtesy NEF
ccohen@brownwhitelaw.com

Cynthia M Cohen on behalf of Petitioning Creditor Kucuhead
ccohen@brownwhitelaw.com

Cynthia M Cohen on behalf of Petitioning Creditor Mauricio Betancur
ccohen@brownwhitelaw.com

Cynthia M Cohen on behalf of Plaintiff Mauricio Betancur
ccohen@brownwhitelaw.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Beth Gaschen on behalf of Debtor Kandy Kiss of California, Inc.
bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com

DAL 2616923v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

Beth Gaschen on behalf of Interested Party Province, Inc.
bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com

Beth Gaschen on behalf of Other Professional Courtesy NEF
bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com

Jeffrey I Golden on behalf of Interested Party Province, Inc.
jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com

Steven T Gubner on behalf of Debtor Kandy Kiss of California, Inc.
sgubner@bg.law, ecf@bg.law

Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

Steven T Gubner on behalf of Other Professional Brutzkus Gubner
sgubner@bg.law, ecf@bg.law

Steven T Gubner on behalf of Other Professional Courtesy NEF
sgubner@bg.law, ecf@bg.law

Steven T Gubner on behalf of Trustee Howard M Ehrenberg (TR)
sgubner@bg.law, ecf@bg.law

Sandra Khalili on behalf of Interested Party Resch Polster & Berger LLP
skhalili@rpblaw.com, maltamirano@rpblaw.com

Paul J Kurtzhall on behalf of Other Professional Courtesy NEF
paul@hkwllp.com, scottm@hkwllp.com;G66353@notify.cincompass.com

Paul J Kurtzhall on behalf of Petitioning Creditor IDFIX, Inc.
paul@hkwllp.com, scottm@hkwllp.com;G66353@notify.cincompass.com

Matthew A Lesnick on behalf of Petitioning Creditor Apex Logistics International LAX Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor High Hope Trading (HK) Limited
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor IDFIX, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Kucuhead
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor RM Global Textile Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Shol Inc
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Texking Trading Ltd
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Tu Pacific, LLC

DAL 2616923v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Ch Moon
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Christopher Clifford
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor David Shi
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Elsie Qian
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Grace Wang
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Mauricio Betancur
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick on behalf of Petitioning Creditor Thao Uyen
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Other Professional Courtesy NEF
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Daniel A Lev on behalf of Trustee Howard M Ehrenberg (TR)
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Lloyd S Mann on behalf of Other Professional Courtesy NEF
lmann@mannzarpas.com

Lloyd S Mann on behalf of Petitioning Creditor Kucuhead
lmann@mannzarpas.com

Lloyd S Mann on behalf of Petitioning Creditor Mauricio Betancur
lmann@mannzarpas.com

Susan I Montgomery on behalf of Creditor Thomas R. Akin
susan@simontgomerylaw.com,
assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kr@lnbyb.com, kr@ecf.inforuptcy.com

Howard D Ruddell on behalf of Creditor Target Corporation
, lorena.lazheztter@faegrebd.com

Robyn B Sokol on behalf of Interested Party Moustris Entertainment, Inc.
ecf@bg.law, rsokol@bg.law

Robyn B Sokol on behalf of Interested Party Caroline Ann Gilchrist
ecf@bg.law, rsokol@bg.law

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

DAL 2616923v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 14, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Kandy Kiss of California, Inc.
15761 Califa St
Woodland Hills, CA 91411

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 14, 2020 | Cheryl Caldwell | */s/ Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DAL 2616923v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**